21-214-cv
*Jessamy v. Jakasal*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:
　　　　DENNY CHIN,
　　　　RICHARD J. SULLIVAN,
　　　　STEVEN J. MENASHI,
　　　　　　*Circuit Judges.*

_____

CARLOS JESSAMY,

　　　　　　*Plaintiff-Appellant*,

　　　v.

DAVEY JAKASAL, Shield No. 0067, JASON FROATZ, TJX COMPANIES, INC., TOWN OF GREENBURGH,

　　　　　　*Defendants-Appellees.**

No. 21-214

_____

_____

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**                    Carlos Jessamy, pro se, Albion, NY.

**FOR DEFENDANTS-APPELLEES:**              Thomas J. Troetti, Law Offices of Thomas J. Troetti, White Plains, NY, *for* Davey Jakasal.

Michael Prisco, McAndrew, Conboy & Prisco LLP, Melville NY, *for* Jason Froatz and TJX Companies, Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul E. Davison, *Magistrate Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

In 2017, Carlos Jessamy, incarcerated and proceeding pro se, sued the Town of Greenburgh; Officer Davey Jakasal, a Greenburgh police officer; TJX Companies, Inc. ("TJX"); and Jason Froatz, a loss-prevention officer at a TJX store in White Plains, New York.[1]  He alleged false arrest and malicious prosecution

---

[1] TJX Companies, Inc., was incorrectly sued as "T.J. Maxx Department Store."  Supp. App'x at 582 n.1.  Jessamy also originally sued the Greenburgh Police Department ("GPD"), but the district court dismissed claims against GPD as an "unsuable entity" and added the Town of Greenburgh as a defendant instead under Federal Rule of Civil Procedure 21.  Dist. Ct. Doc. No. 10.

claims under 42 U.S.C. § 1983 and New York state law arising out of his March 16, 2015 arrest and prosecution for four larcenies from TJX stores – two in February 2015 and two in March 2015. Jessamy was convicted of charges arising out of the March 2015 incidents, but the charges related to the February 2015 incidents were dismissed. After the parties consented to proceed before a magistrate judge, the defendants moved for summary judgment on Jessamy's amended complaint.

The district court granted summary judgment in favor of Defendants, determining that the false arrest claims against Officer Jakasal failed because Jessamy had been convicted of charges for which he was arrested, and the malicious prosecution claims against Officer Jakasal failed because they were premised on charges for which Jessamy was convicted, and Officer Jakasal had probable cause to initiate the other charges. The court also concluded that the malicious prosecution claims against TJX and Froatz failed because those parties did nothing more than furnish information about the thefts to Officer Jakasal, who then exercised his own judgment in initiating prosecution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

3

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). However, a party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

## I. False Arrest Claims Against Officer Jakasal

The district court did not err in granting summary judgment to Officer Jakasal as to the false arrest claims. Under both section 1983 and New York law, an arresting officer can avoid liability on a claim of false arrest by demonstrating that he had probable cause for the arrest. *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015). A plaintiff "can under no circumstances recover" for false arrest "if he was convicted of the offense for which he was arrested." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986). Here, Jessamy was convicted on charges

4

arising from the March 2015 incidents, so he cannot recover on a claim for false arrest. *See id.* at 388–89. It is irrelevant that the charges arising out of the February 2015 incidents were dismissed because a claim for false arrest "turns only on whether probable cause existed to arrest a defendant," not whether "probable cause existed with respect to each individual charge." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).

## II.  Malicious Prosecution Claims Against Officer Jakasal

The district court also properly granted summary judgment on Jessamy's claims of malicious prosecution based on Officer Jakasal's initiation of criminal proceedings stemming from the February and March 2015 incidents.

With respect to the claims based on the March 2015 incidents, the record is clear that Jessamy was convicted of all but one charge stemming from that conduct. But to succeed on a claim for malicious prosecution, Jessamy must demonstrate, among other things, that "his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022); *see also Cameron*, 806 F.2d at 387. He therefore cannot base his malicious prosecution claims on any charges for which he was convicted.

Moreover, as with claims for false arrest, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (internal quotation marks and alterations omitted). Although Jessamy was acquitted of one charge related to the March 2015 events – aggravated unlicensed operation of a motor vehicle – he was still indicted on that charge, and "indictment by a grand jury creates a presumption of probable cause." *Id*. at 162 (internal quotation marks omitted). "That presumption may be rebutted only by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id*. (internal quotation marks omitted). Jessamy has not offered any evidence, aside from his own speculation, that the grand jury indictment was procured by fraud, perjury, suppression of evidence, or bad faith. "[U]nsubstantiated speculation," however, cannot defeat a motion for summary judgment. *Fujitsu*, 247 F.3d at 428 (internal quotation marks omitted).

The district court was also justified in granting summary judgment on the malicious prosecution claims stemming from the February 2015 charges. Even though those charges were ultimately dismissed, there can be no doubt that Officer Jakasal had probable cause to believe Jessamy committed those crimes. Officer

6

Jakasal had ample evidence in support of the charges, including: (1) statements from TJX employees expressing their beliefs that Jessamy was involved in the February and March incidents; (2) a description of the suspect's attire as a dark sweatshirt and dark jogging pants with white stripes, based on TJX's March surveillance videos; and (3) photos posted on a Facebook page believed to belong to Jessamy, in which he wore clothing similar to that described. Similar clothing was also eventually found in the minivan that Jessamy was driving when he was arrested. Most significantly, Officer Jasakal recognized Jessamy as the same person in the Facebook photos and in the March surveillance videos. These facts were "sufficient to warrant a person of reasonable caution in the belief that the person to be arrested ha[d] committed . . . a crime." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (internal quotation marks omitted).

To be sure, Jessamy disputed several of the above facts before the district court. But besides his conclusory allegations that Greenburgh police officers joined TJX employees to "doctor" evidence against him, Jessamy provided no evidence demonstrating that Officer Jakasal or anyone else lied about the facts detailed above. Jessamy merely asserted that the affidavits submitted by Officer Jakasal and others were inaccurate, and that the people involved in his arrest had

7

lied or committed perjury. Factual disputes, however, are "not created by a mere allegation in the pleadings, nor by surmise or conjecture." *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 81 (2d Cir. 2010) (internal quotation marks omitted).

On appeal, Jessamy primarily contends that the district court improperly considered surveillance videos of the February incidents. But the magistrate judge explicitly did not consider these videos in his analysis, nor have we considered them in our analysis here. Ultimately, Jessamy fails to provide the kind of "specific facts showing the existence of genuine issues warranting a trial" required to defeat a motion for summary judgment. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

### III. Malicious Prosecution Claims Against TJX and Froatz

Finally, the district court properly granted summary judgment on Jessamy's malicious prosecution claims against TJX and Froatz. To establish a malicious prosecution claim against a private party, a plaintiff must show that the party did "more than merely report a crime to the police and cooperate in its prosecution." *Moorhouse v. Standard, N.Y.*, 997 N.Y.S.2d 127, 132 (1st Dep't 2014) (internal quotation marks omitted). Instead, the private party must have "affirmatively

8

induced the officer to act, such as taking an active part in the arrest . . . to the point where the officer is not acting of his own volition." *Id.* (internal quotation marks omitted).

Although Jessamy alleged that TJX and Froatz worked with the Greenburgh police officers to arrest and prosecute him, he offers no evidence in support of these conclusory allegations. Jessamy testified in his deposition that a TJX manager stated something like "get him" or "arrest him" right before Jessamy was arrested, but he also testified that no one other than the police officers was directly involved in his arrest. He also argues that the police officers failed to conduct an independent investigation and instead relied on false information provided by TJX employees. But again, Jessamy provided no evidence to support this contention. Jessamy therefore failed to proffer any evidence establishing TJX and Froatz's liability.

## IV.    Conclusion

We have considered all of Jessamy's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9